**NOT FOR PUBLICATION**

SEP 14 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES HARVEY MAZARIEGOS-GUILLEN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70630 <br><br> Agency No. A070-925-363 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012**

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Charles Harvey Mazariegos-Guillen, a native and citizen of Guatemala,

petitions pro se for review of the decision of the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

Petitioner contends that his United States citizen child will experience the requisite hardship if petitioner is returned to Guatemala, and therefore the BIA erred in denying his application for cancellation of removal. Specifically, petitioner contends that the immigration judge erred: by concluding that petitioner would be able to find employment upon his return to Guatemala; by not giving sufficient weight to the economic and financial hardship caused by the heart condition of the mother of petitioner's United States citizen child; and by not properly considering the effect of the emotional and psychological hardship to the child if petitioner is deported. Petitioner's contentions challenge the agency's hardship determination, and we lack jurisdiction to review the agency's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to his United States citizen child. *See* 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

We also lack jurisdiction to consider petitioner's claim of ineffective assistance of counsel in the presentation of his application for cancellation of removal and voluntary departure because he failed to exhaust this claim before the

BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED**.

11-70630